UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO: 24-41** |
| v. | * | **SECTION: "D"** |
| **CURTIS SQUIRE** | * | |

\* \* \*

**GOVERNMENT'S REPLY TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, through the undersigned Assistant United States Attorney, hereby respectfully files this reply to defendant's sentencing memorandum. (Rec. Doc. 56).[1] The government submits that the requested downward departure from the guidelines range is inappropriate for the reasons that follow.

Defense contends in its sentencing memorandum that the defendant's personal history and offense conduct merit a downward departure. (Rec. Doc. 56). Defense contends that for a period of years prior to the instant offense conduct the defendant abstained from criminal conduct and that absent the investigation into the February 15, 2024, shooting, the defendant would not be before the Court awaiting sentencing for possession of a firearm. (Rec. Doc. 56, p. 2, 4) This ignores the fact that despite assertions that the defendant has aged-out of criminal activity, he was nonetheless committing the instant criminal activity at age 27 when he admittedly possessed the firearm in question. Moreover, that firearm was located under the oven in the kitchen of the residence where the defendant was arrested (Rec. Doc. 54 ¶ 7) – a location accessible to the small children who were also in the home at the time of the defendant's arrest. At the time of its recovery, the weapon was loaded with twenty live rounds. This conduct is properly accounted for in the base

---

[1] The defendant's sentencing memorandum was filed following the final PSR. The guidelines calculation in that PSR has since been revised, pursuant to the supplemental PSR. A downward departure remains inappropriate in the face of the new calculation.

offense level set forth in the presentence report. (Rec. Doc. 54 ¶ 13). The standard of proof for sentencing enhancements is a preponderance of the evidence. *United States v. Abrego*, 997 F.3d 309, 312 (5th Cir. 2021). Because this conduct is admitted to by the defendant in the factual basis, there is sufficient indicia of reliability for the Court to consider this information in calculating the guidelines range.

The government does not dispute that the defendant took responsibility for his actions. However, this acceptance of responsibility is accounted for in the government's motion for acknowledgment of acceptance of responsibility and the additional one-point reduction of offense level. The defendant's plea of guilty was not pursuant to any agreement with the government.

"[W]ithin-Guidelines sentences enjoy a presumption of reasonableness." *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). The supplemental addendum to the PSR calculates the guidelines range based on the defendant's properly calculated criminal history category of IV. The arguments set forth in the defense sentencing memorandum do not merit a downward departure from a Guidelines sentence.

For these reasons, the Government submits that a downward departure is not merited in this case.

Respectfully submitted,
MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY

*/s/ Sarah Dawkins*
SARAH DAWKINS
Assistant United States Attorney
Louisiana Bar Roll No. 34509
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3055
Email: sarah.dawkins@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

*/s/ Sarah Dawkins*
SARAH DAWKINS
Assistant United States Attorney